UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SARAH SPEARMAN,<br><br>                Plaintiff,<br>     v.<br><br>MOUNTAIN RUN SOLUTIONS, LLC,<br><br>                Defendant. | No.<br><br><br><u>**CIVIL ACTION COMPLAINT**</u> |

Plaintiff alleges:

## INTRODUCTION

1. Plaintiff, SARAH SPEARMAN, a Washington resident, brings this action against Defendant MOUNTAIN RUN SOLUTIONS, LLC under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("<u>FDCPA</u>") as alleged more fully

**COMPLAINT** – 1

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com


Case 3:21-cv-05398-BHS   Document 1   Filed 05/25/21   Page 2 of 7

below.

2. Plaintiff brings this action individually seeking redress for Defendant's actions of using false, deceptive, misleading representation and abusive means in connection with the collection of an alleged debt.

3. Plaintiff seeks statutory and punitive damages, injunctive and declaratory relief, and attorneys' fees and costs.

4. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." Id.  Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

5. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the

**COMPLAINT** – 2


Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

existing consumer protection laws were inadequate, id. § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION

6. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.  Defendant regularly conducts business within the state of Washington and violated Plaintiff's rights under the FDCPA.

7. Venue is proper this district under 28 U.S.C. 1391(b) because Defendant conducts business in this district, and all of the facts underlying this claim occurred in this district.

## PARTIES

8. Plaintiff is a resident of the State of Washington and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

9. Defendant is a collection agency with its registered office located at 313 E. 1200 S Suite 200, Orem, Utah 84058.

## FACTUAL ALLEGATIONS

10. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

COMPLAINT – 3

11. Some time prior to August 12, 2020 an obligation was allegedly incurred to MONITRONICS BRINKS.

12. The MONITRONICS BRINKS obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, medical or household purposes.

13. The alleged MONITRONICS BRINKS obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

14. MONITRONICS BRINKS is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

15. MONITRONICS BRINKS or subsequent owner of the MONITRONICS BRINKS debt contracted the Defendant to collect the alleged debt.

16. Sometime in August of 2020, Plaintiff noticed an erroneous MONITRONICS BRINKS debt listed by Defendant on her credit reports.

17. On or around August 12, 2020, Plaintiff mailed a dispute letter to Defendant requesting verification of the alleged MONITRONICS BRINKS debt. ***See Exhibit A***.

18. Sometime in late 2020, Plaintiff pulled her credit reports and reviewed them.

**COMPLAINT** – 4

19. Plaintiff, upon review of her credit reports, noticed the alleged MONITRONICS BRINKS debt listed by Defendant was not listed on her TransUnion or Experian reports as a disputed account.

20. Pursuant to the FDCPA, a debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt.

21. Failure to communicate that a disputed debt is disputed is a violation of the FDCPA.

22. The acts and omissions of Defendant described above injured Plaintiff in a particularized way, in that Defendant was obligated by the FDCPA to supply non-misleading information regarding Plaintiff.

23. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

24. Plaintiff repeats, reiterates and incorporates the allegations contained in

**COMPLAINT** – 5

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
206-335-8746
michael@brubakerlawgroup.com

paragraphs above herein with the same force and effect as if the same were set forth at length herein.

25. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C.§ 1692e.

26. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

27. The Defendant violated said section by:

   a. Using a false, deceptive, and misleading representation or means in connection with the collection of a debt;

   b. Failing to communicate that a disputed debt is disputed in violation of 1692e(8);

   c. Making a false representation or using deceptive means to collect a debt in violation of 1692e(10).

28. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COMPLAINT** – 6

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a) For statutory damages under the FDCPA

b) For costs of this action, including reasonable attorneys' fees and expenses.

c) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

DATED this 25th day of May 2021.

        Respectfully submitted,

        By: /s/ Michael Brubaker
        Michael Brubaker, WSBA #49804
        Brubaker Law Group, PLLC
        14506 NE 184th Place
        Woodinville, WA 98072
        (206) 335-8746
        michael@brubakerlawgroup.com

        ***ATTORNEYS FOR PLAINTIFF***

**MARCUS & ZELMAN, LLC**
Ari M. Marcus, Esq. (applying for admission pro hac vice)
Yitzchak Zelman, Esq. (applying for admission pro hac vice)
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Ari@MarcusZelman.com
Yzelman@Marcuszelman.com
(732) 695-3282

**COMPLAINT** – 7